# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CARRINGTON MORTGAGE SERVICES, LLC,

    Plaintiff

v.

SFR INVESTMENTS POOL 1, LLC,

    Defendant

Case No.: 2:18-cv-00414-APG-VCF

**Order Granting Motion to Dismiss**

[ECF No.12]

    Plaintiff Carrington Mortgage Services, LLC (Carrington) sues to determine whether a non-judicial foreclosure sale conducted by a homeowners association (HOA) extinguished its deed of trust. Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. SFR moves to dismiss, arguing that Carrington's declaratory relief claim is untimely because it is really one for liability based on statutory violations and thus is subject to a three-year limitations period. Alternatively, SFR argues that even if the claim is subject to the four-year catchall limitations period, it is still untimely. SFR also contends Carrington has failed to name necessary parties because it did not include as defendants the borrower or the HOA. Finally, SFR asserts Carrington failed to notify the Nevada Attorney General of a constitutional challenge as required under Federal Rule of Civil Procedure 5.1.

    Carrington responds that its claim is not dependent on a violation of a statute, and so the three-year limitation period does not apply. Carrington argues its claim is not subject to any statute of limitations because (1) its claim is a defense to a future wrongful foreclosure claim, (2) no statute of limitations applies to a non-judicial foreclosure conducted pursuant to a deed of trust, (3) enforcement of the deed of trust is not time-barred so the time period to determine the

validity of the deed of trust has not run, and (4) no limitations period applies to a claim for declaratory relief. Alternatively, Carrington contends that if a limitations period applies, then its claim is governed by a ten-year period under Nevada Revised Statutes § 106.240. Carrington also argues SFR is estopped from asserting the statute of limitations defense and waived it because it did not take any action after the HOA foreclosure sale to extinguish Carrington's deed of trust. Carrington contends neither the borrower nor the HOA is a necessary party, but if they are, joinder is the proper remedy. Carrington asserts it has notified the Nevada Attorney General of the case as required. Finally, Carrington requests leave to amend to cure any deficiencies.

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitations period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought."

*Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

According to the complaint, the HOA foreclosure sale took place on September 26, 2012. ECF No. 1 at 4. SFR bought the property at the sale and the trustee's deed upon sale was recorded on October 2, 2012. *Id.* Carrington filed this lawsuit on March 7, 2018. Consequently, it is apparent from the face of the complaint that Carrington's claim is time-barred if a statute of limitations of five years or less applies.

I have previously ruled that the four-year catchall limitation in Nevada Revised Statutes § 11.220 applies to claims such as the one Carrington asserts in this case. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). I have also previously rejected arguments similar to those Carrington raises as to why its claims are timely.[1]

---

[1] *See Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n*, No. 2:17-cv-02699-APG-PAL, 2018 WL 4305761, at *2-3, 8 (D. Nev. Sept. 7, 2018) (affirmative claims masquerading as defenses will be subject to statute of limitations; this is a judicial case to which a limitation period applies; § 106.240 is not a statute of limitations; and rejecting proposition that no statute of limitations applies to declaratory relief claims); *Country Garden Owners Ass'n*, 2018 WL 1336721 at *3 (the quiet title/declaratory relief claim seeks to determine whether the deed of trust was extinguished and does not seek to enforce the deed of trust, and no authority cited for the proposition that the statute of limitations was not triggered despite knowing about a foreclosure that calls into question the deed of trust's enforceability).

Carrington argues that SFR is estopped from asserting the statute of limitations defense and waived it. Under Nevada law, "[w]aiver requires the intentional relinquishment of a known right." *Nev. Yellow Cab Corp. v. Eighth Jud. Dist. Court ex rel. Cty. of Clark*, 152 P.3d 737, 740 (Nev. 2007) (en banc). To infer intent from a party's conduct, that conduct "must clearly indicate the party's intention." *Id.* And to infer waiver from conduct, the conduct must be "so inconsistent with an intent to enforce the right as to induce a reasonable belief that the right has been relinquished." *Id.* "[D]elay alone is insufficient to establish a waiver." *Id.*

"Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061-62 (Nev. 2005) (quotation omitted). For equitable estoppel to apply:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Id.* (quotation omitted). "[S]ilence can raise an estoppel quite as effectively as can words." *Id.* (quotation omitted).

Carrington has not plausibly alleged any facts showing waiver or estoppel. The presumption is that the HOA sale was properly conducted, and a properly conducted HOA foreclosure sale extinguishes all junior interests, including deeds of trust. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017), *reh'g denied* (Dec. 13, 2017); *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc). SFR did not have to take any action to clear title to the property, so its failure to act cannot be construed as either waiver or estoppel.

4

Carrington requests leave to amend but does not identify what facts it could allege that would make its claim timely. I therefore deny leave to amend.

IT IS THEREFORE ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 12) is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendant SFR Investments Pool 1, LLC and against plaintiff Carrington Mortgage Services, LLC.

DATED this 28th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE